UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN HALL-WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4257** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion for summary judgment of the intervenor, the Law Office of Paul Miniclier, PLC, is **GRANTED IN PART AND DENIED IN PART**. (Document # 84.)

**IT IS FURTHER ORDERED** that Carolyn Hall-Williams' cross-motion for summary judgment is **DENIED.** (Document #106.)

### I. BACKGROUND

On August 22, 2007, Carolyn Hall-Williams filed a complaint against her homeowner's insurer, Allstate Insurance Company, for damages to her residence at 8411 Lomond Street, New Orleans, Louisiana, as a result of Hurricane Katrina. On March 31, 2008, Williams terminated her attorneys, Paul C. Miniclier and John Denenea, Jr., and hired David Binegar and Tiffany

Christian, who had resigned from the Miniclier law firm.

On April 9, 2008, the Law Office of Paul Miniclier, PLC (Miniclier) filed a motion to intervene "to protect its financial interest and lien privilege under Louisiana law in the outcome of the litigation." The claim for fees and costs is $32,328.16. The motion to intervene for attorney's fees was referred to the magistrate judge; and on April 30, 2008, the magistrate judge granted the motion to intervene.

On May 13, 2008, the magistrate judge issued a minute entry that Hall-Williams and Allstate had settled the case.[1] The magistrate judge ordered Miniclier to file an "application for fees and costs in compliance with Local Rule 54.2, including contemporaneous time records reflecting the date, time involved and the nature of services performed" on or before May 23, 2008. The magistrate judge permitted Hall-Williams to file any written response by May 30, 2008. On May 23, 2008, instead of submitting a fee application, Miniclier filed objections to the magistrate judge's order. On June 20th, 2008, the court overruled Miniclier's objections and ordered the law firm to comply with the order of the magistrate judge to file an application for fees and costs by June 26, 2008, or the intervention would be dismissed.

On June 26, 2008, Miniclier filed a fee application for attorney's fees with memorandum and exhibits.[2] Miniclier argued that it is entitled to 40% of an settlement plus costs under a valid

---

[1] Paul Miniclier did not attend the settlement conference, but maintained the position that 40% of any settlement plus costs be set aside for Miniclier. Exh., R. doc. #100.

[2] Miniclier's claim for attorney's fees is a claim for substantive relief on the merits, not a collateral issue of attorney's fees. See Deus v. Allstate Ins. Co., 15 F.3d 506, 522 (5th Cir. 1994) (holding that the district court's judgment was not final until it addressed the intervention). Unlike a collateral action for attorney's fees, final judgement cannot be entered until this claim is

contingency fee contract and that the terms are reasonable under Louisiana law. Hall-Williams contends that Miniclier failed to prosecute the case and misrepresented the time Paul Miniclier spent working on the case and his hourly rate in an effort to maximize any *quantum meruit* recovery. Neither parties requested oral argument, and the parties received notice that the motion would be taken under submission without an oral hearing.

On October 8, 2008, the magistrate judge issued a report and recommendation that, "with the exception of reimbursement of the filing fee of $350.00 paid in this case which is documented in the court's records, the intervention filed on behalf of the Law Offices of Paul Miniclier be DENIED." See 28 U.S.C. § 636(b)(1)(B) (designating magistrate judge to conduct hearings and submit a report and recommendation for disposition by the court). Miniclier filed objections to the report and recommendation.

On November 14, 2008, the court advised that Miniclier's fee application shall be treated as a motion for summary judgment and ordered the parties file supplemental memoranda and exhibits. Hall-Williams filed an opposition and a cross motion for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805,

---

resolved. Id.

809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. Id. If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B. Federal Arbitration Act**

Miniclier argues that the court should have stayed all proceedings once the Federal Arbitration Act was invoked. The court previously addressed this issue in the order of June 20, 2008. Miniclier filed a motion to intervene, and the magistrate judge granted the motion. "By filing the motion to intervene, Miniclier submitted the matter of determining fees and costs to the court." Document #83. Miniclier is not entitled to judgment as a matter of law on this issue.

**C. Termination for cause**

Hall-Williams contends that she terminated Miniclier because of her concern that he was

not representing her interests, but his own interests in obtaining "McKinsey documents"[3] from Allstate. To determine whether there is a discharge for cause, Louisiana courts look to whether the client's confidence was eroded by the actions or inactions of the attorney. O'Rourke v. Cairns, 683 So.2d 697, 703 (La. 1996).

Hall-Williams puts forth an unsworn declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746,[4] exh. 1, R. doc. 105, declaring that she terminated Miniclier because it became apparent that Paul Miniclier was not conducting the case in a manner that was in her best interests. Specifically, she was not informed, required, or allowed to attend a settlement conference before Magistrate Judge Knowles on December 17, 2007. She states that Paul Miniclier informed her that the settlement had "fallen through in part because Allstate Insurance Company wanted me to execute a confidentiality agreement regarding my settlement." Hall-Williams states that Miniclier wanted to use her case to "wage a battle" with Allstate to produce the McKinsey documents, a matter that bore no direct relationship to her case. Hall-Williams' only interest was to settle her case for a fair amount and to return to New Orleans.

Miniclier does not present summary judgment evidence to create a genuine issue of fact for trial concerning his termination for cause. Accordingly, there are no genuine issues of

---

[3] McKinsey is a company that provided consulting services to Allstate.

[4] 28 U.S.C. § 1746 provides in relevant part:
Wherever . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration . . . or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration, in writing of such person which is subscribed by him, as true under penalty of perjury.

material fact concerning Miniclier's termination for cause, and Hall-Williams is entitled to judgment as a matter of law on this issue.

**D. Fee calculation**

Hall-Williams contends that Miniclier has not presented reliable time records to form the basis of a *quantum meruit* award. Miniclier argues that there are genuine issue of material fact as to whether he submitted a fraudulent fee application.

In cases of discharge with cause of an attorney retained on contingency, the amount of the fee is determined according to the rule of Saucier v. Hayes Dairy Products, 373 So.2d 102 (La. 1979), "calculating the highest ethical contingency to which the client contractually agreed in any of the contingency fee contracts executed." O'Rourke v. Cairns, 683 So.2d at 704. "The court should then allocate the fee between or among discharged and subsequent counsel based upon the Saucier factors." Id. In Saucier, the court referred to Rule 1.5 of the Rules of Professional conduct to determine the proportionate services in relevant part:

> (1) The time and labor involved, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) The fee customarily charged in the locality for similar legal services;
> (4) The amount involved and the results obtained;
> (5) The time limitations imposed by the client or by the circumstances;
> (6) The nature and length of the professional relationship with the client;
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) Whether the fee is fixed or contingent.

Most of the Saucier factors require little discussion. First, the court concludes that this was not a novel or difficult case. The complaint was filed on August 22, 2007, and the

6

allegations in the complaint are substantially identical to several Katrina-related lawsuits filed by Miniclier on behalf of other plaintiffs. Further, Miniclier did not obtain results during the period of representation. A settlement conference was held on December 17, 2007, and a settlement was reached without Hall-Williams' participation or consultation. The settlement did not come to fruition, and Miniclier received written notice of his termination on March 12, 2008. Miniclier does not allege that he had to forego other employment by accepting this case, and there is no dispute that Miniclier is an experienced law firm. The remaining <u>Saucier</u> factors at issue are the time and labor involved.

Rather than submitting contemporaneous time records as ordered by the court, Miniclier submitted a copy of his pre-bill worksheets to support his assertion that the value of his time and costs prior to termination is $32,328.12, based on a rate of $285.00 to $350.00 per hour. Hall-Williams puts forth Miniclier's contemporaneous time sheets under seal, which indicate that there are 37 discrepancies between the time sheets and the pre-bill worksheets submitted by Miniclier. The pre-bill worksheets substantially increase the number of hours and the fee claimed by Miniclier, which are not reflected in the contemporaneous time sheets. The court concludes that the pre-bill worksheets are unreliable and inadequate to support Miniclier's summary judgment burden. Having the benefit of the contemporaneous time sheets, the court determines that there is reliable evidence that Miniclier should be paid for 13 hours of legal work, performed on behalf of Hall-Williams, at a reasonable rate of $200 per hour. Therefore, the evidence supports an award of $2,600 for the time spent and the labor involved in Hall-Williams case. Miniclier is also reimbursed for the filing fee of $350.

7

Accordingly, Miniclier's motion for summary judgment is denied as to an award of $32,328.16 and granted as to an award of $2,600 plus $350 reimbursement for the filing fee. Hall-Williams' cross-motion seeking the denial of all fees and costs beyond the $350 filing fee is denied.

New Orleans, Louisiana, this __28th__ day of January, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**